**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LAURA ARGUELLO GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>LUPITA'S RESTAURANT, et al.,<br><br>Defendants. | Case No. 14-cv-03099-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF 23] |

Plaintiff Laura Arguello Gonzalez ("Plaintiff") has moved for the entry of default judgment against defendant restaurants Lupita's Restaurant and Tacos Al Carbon, as well as the owners of those restaurants, defendants Maria Perez-Guizar and Berenice Perez-Guizar (collectively, "Defendants"). Pl.'s Mot., ECF 23. Plaintiff seeks damages and statutory penalties for Defendants' violations of state and federal labor laws. For the following reasons, Plaintiff's Motion for Default Judgment is GRANTED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Defendants Maria and Berenice Perez-Guizar own and operate both Lupita's Restaurant and Tacos Al Carbon. Compl. ¶ 4, ECF 1. From 2007 to May 2014, Plaintiff worked for Defendants. *Id.* ¶ 5; Decl. of Laura Arguello Gonzalez ¶¶ 4-7, ECF 23-2. Plaintiff was hired to work as a full time cook at Lupita's Restaurant but would occasionally work at Tacos Al Carbon when business was slow at the former. Gonzalez Decl. ¶ 6. Plaintiff alleges that she worked shifts in excess of eight hours per day or in excess of forty hours per week. Compl. at ¶ 7. She also alleges that Defendants repeatedly failed to pay her overtime compensation. *Id.* Furthermore, Plaintiff alleges that Defendants failed to afford her meal or rest breaks while she worked, and that they compelled her to work through these legally mandated breaks. *Id.* ¶¶ 9, 43.

1  Based on the foregoing, Plaintiff on July 8, 2014 filed a complaint against Defendants on her own behalf and on behalf of similarly situated employees of, alleging violations of the Fair Labor Standards Act ("FLSA"), the California Labor Code ("CLC"), as well as the California Unfair Trade Practices Act, Business and Professions Code ("UCL"). *See generally* Compl. Plaintiff requested compensatory and liquidated damages for herself and those similarly situated employees. *Id.* ¶¶ 10-11. She also sought restitution, injunctive relief, and attorney's fees and costs. *Id*. In the motion for default judgment before the Court, Plaintiff seeks to recover only individual monetary relief under the FLSA and CLC, and the Court assumes that she is no longer pursuing her UCL claim or her claims for class and injunctive relief. *See* Pl.'s Mot. 2.

Tacos Al Carbon and Lupita's Restaurant were served with the complaint and summons and the complaint on August 15, 2014. Pl.'s Mot. Exh. A; *see also* ECF 6, 8. Berenice and Maria Perez-Guizar were served on August 16, 2014. Pl.'s Mot. Exh. A; *see* also ECF 7, 9. Plaintiff's attorney avers that he had some communication with Defendants Maria and Berenice Perez-Guizar and their attorney in September and November 2014. Despite Plaintiff's attorney notifying them that would seek entry of default and affording them an extension of time in which to respond, Defendants, to date, have not responded to Plaintiff's complaint. Pl.'s Mot. Exh. B; Decl. of Robert David Baker ¶¶ 7-9.

On November 25, 2014, Plaintiff requested and obtained a clerk's entry of default against Defendants. Pl.'s Mot. Exh. C; *see* ECF 17-18. On February 23, 2015, Plaintiff filed the instant motion for default judgment against Defendants. Because Plaintiff had not provided proof that she served the motion for default judgment and her detailed damages demand on Defendants, the Court ordered Plaintiff to serve each Defendant with the motion. *See* ECF 24. Plaintiff served Defendant Berenice Perez-Guizar on June 20, 2015. ECF 25. Plaintiff served Defendants Lupita's Restaurant and Tacos Al Carbon on June 15, 2015. ECF 26; 27. Plaintiff avers that she attempted to serve Defendant Maria Perez-Guizar on June 20, 2015, but was unable to do so because that defendant moved from her last known address and had not provided a forwarding address. ECF 28.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980).

In exercising its discretion to enter default judgment, a district court considers seven factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("*Eitel* factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. In considering these factors after a clerk's entry of default, the court takes all well-pleaded factual allegations in the complaint as true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Court may, in its discretion, consider competent evidence and other papers submitted with a motion for default judgment to determine damages. *Id.*

## III. DISCUSSION

### A. *Eitel* Factors

All seven of the *Eitel* factors weigh in favor of granting Plaintiff's motion. First, prejudice would befall the Plaintiff were default judgment to be denied since Defendants refuse to litigate this action. Plaintiff would then be left without recourse and would be denied her earned, but unpaid, wages.

Next, both the second and third *Eitel* factors weigh in favor of entering default judgment against Defendants. Plaintiff's substantive claims appear meritorious, and her complaint is sufficiently pled. The FLSA covers enterprises who are engaged in commerce or whose employees are engaged in commerce. 29 U.S.C. §§ 207(a)(1). Defendants are, or own and operate, a restaurant, and selling food is within the meaning of commerce under 29 U.S.C. §§ 203(b). Should an employee work for more than forty hours in one week, the FLSA requires

employers to pay those employees "at a rate not less than one-half times the regular rate." *Id.* Section 510 of the California Labor Code ("CLC") restates the FLSA's overtime wage payment requirement. Cal. Labor Code § 510. Plaintiff alleges that she repeatedly worked more than forty hours per week during her employment at Defendant's establishments, but was never paid overtime. Compl. ¶ 7. Taken as true, the allegations present in the complaint are sufficient to establish a claim for violations of the FLSA and CLC. Additionally, copies of Plaintiff's time cards further support her claim that she worked more than forty hours per week but was not paid overtime. *See* Pl.'s Mot. Exh. D. Similarly, under § 206 of the FLSA and § 1197 of the CLC, employers must pay employees minimum wage for their work. Plaintiff's allegations that Defendants did not pay her overtime wages, taken as true, sufficiently indicate that she was not paid a minimum wage for her work, thereby establishing violations of §§ 206 and 207 of the FLSA and § 1197 of the CLC. *See* Compl. ¶¶ 18-24, 33-40. Finally, § 226.7 of the CLC mandates that when an employer does not allow its employees to take required meal breaks in accordance with state law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7. In her complaint, Plaintiff alleges that Defendants never provided her meal or rest breaks and that she worked through these mandatory breaks. Compl. ¶ 43. Taken as true, these allegations are sufficient to show a violation of § 226.7.

The fourth *Eitel* factor—the amount in controversy—does not weigh against default judgment. Plaintiff seeks $26,561.53 in damages.[1] This amount comprises $3,543.36 for overtime pay with pre-judgment interest, $20,105.43 for the Defendants' failure to provide meal and rest breaks with prejudgment interest, and liquidated damages totaling $2,912.74 for Defendants' FLSA overtime violations. This amount is not excessive, is what Plaintiff is entitled to under federal and state law, and, as addressed below, is sufficiently established through documentary proof. The amount in controversy therefore does not weigh against granting default

---

[1] Plaintiff's motion contains an arithmetic error, incorrectly stating that she seeks a total sum of $26,451.53. Pl.'s Mot. 2; Baker Decl. ¶ 16. Upon calculation of the underlying sums determined by Plaintiff's retained expert, however, the correct sum is $26,561.53.

1  judgment. The fifth and sixth factors also weigh in favor of default judgment. Since Defendants
2  have not answered, no potential disputes of material facts are apparent. Because Defendants were
3  served with summons and, in light of Plaintiff's communications with Defendants, their failure to
4  answer does not appear to have been due to excusable neglect. *See* ECF 6-9 (Proofs of Service);
5  Pl.'s Mot. Exh. B; Baker Decl. ¶¶ 7-9.

Lastly, while federal policy does not favor entering default judgment against unresponsive defendants, Rule 55(b)(2) permits the court to enter default against defendants who simply refuse to litigate. *J & J Sports Prods., Inc. v. Deleon*, No. 5:13-CV-02030, 2014 WL 121711, at *2 (N.D. Cal. Jan. 13, 2014). Therefore, despite this general reluctance, the seventh *Eitel* factor also weighs in favor of entering default judgment against Defendants.

Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

**B.  Damages**

Plaintiff seeks a total of $26,561.53 in damages from Defendants, which consists of: (1) $2,912.74 in unpaid back wages under the FLSA, plus $630.62 in pre-judgment interest, totaling $3,543.36; (2) $2,912.74 in liquidated damages pursuant to 29 U.S.C. § 216(b); and (3) $16,558.50 under the CLC for Defendants' failure to provide meal and rest breaks, plus $3,546.93 in pre-judgment interest, totaling $20,105.43.[2] Pl.'s Mot. 2; Baker Decl. ¶ 16. Plaintiff also requests attorney's fees totaling $6,367.05 and $582.50 in costs. *See* Baker Decl. ¶¶ 12-19.

In support of her damages request, Plaintiff engaged the assistance of George McLaughlin, a financial analyst at Hagen, Streiff, Newton, and Oshiro. *See* Pl.'s Mot. Exh. F. With respect to unpaid overtime, Plaintiff seeks such unpaid sums in connection with work she performed within three years of the filing of the instant complaint. *See* Baker Decl. ¶ 12. Plaintiff's employment with Defendants ended on May 4, 2014. Gonzalez Decl. ¶ 7. Mr. McLaughlin considered the number of hours that Plaintiff worked during 222 shifts—roughly 25% of all shifts worked in a two year and nine month time period—as well as her pay rates over that time period and

---

[2] As previously noted, due to an arithmetic error, Plaintiff's motion incorrectly requests $26,451.5, but the correct total based upon the underlying amounts provided is $26,561.53.

1    determined that Plaintiff is owed $2,912.74 in unpaid overtime for that entire two year and nine
2    month period, plus $630.62 in pre-judgment interest at 10% interest per annum. *Id.* Mr.
3    McLaughlin arrived at this conclusion by presuming, based upon the information provided to him,
4    that Plaintiff would have worked similar hours for the shifts for which he did not have time cards.
5    *Id.* Furthermore, Mr. McLaughlin calculated the penalties for violating California law regarding
6    meal and rest breaks to be $16,558.50 plus $3,546.93 in pre-judgment interest at 10% per annum.[3]
7    *Id.* Accordingly, Mr. McLaughlin calculated the total amount of $23,648.79 in compensatory
8    damages and penalties.[4] *Id.* Plaintiff also seeks $2,912.74 in liquidated damages pursuant to 29
9    U.S.C. § 216(b), arriving at a total requested sum of $26,561.53. This sum is supported by the law
10   and the evidence.

### i. Unpaid Back Wages

29 U.S.C. § 207 requires all covered employers to pay covered employees overtime at a rate not less than one and one-half times the regular rate at which he is employed for work performed in excess of forty hours per week, unless specifically exempted by law. 29 U.S.C. § 206 requires covered employers to pay their employees minimum wage. Pursuant to 29 U.S.C. § 216(b), employers who violate §§ 206 or 207 are liable to the affected employees for the amount of "their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." "An employee seeking to recover unpaid minimum wages or overtime under the FLSA has the burden of proving that he performed work for which he was not properly compensated." *Brock v. Seto*, 790 F. 2d 1446, 1447-48 (9th Cir. 1986). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a matter of a just and reasonable inference.*" *Id.* at 1448 (emphasis in original).

---

[3] Although not expressly stated, the Court infers that Mr. McLaughlin's analysis pertains only to that two year and nine month period within the three year statutes of limitations applicable to all of the claims on which Plaintiff seeks damages in her motion for default judgment.

[4] Mr. McLaughlin's analysis contains an arithmetic error as well, incorrectly stating the total amount owed to Plaintiff as $23,538.79. When added correctly, the proper sum is $23,648.79.

Similar to the FLSA provisions, § 510 of the CLC states that employees will be paid "at the rate of no less than one and one-half times the regular rate of pay for an employee" should they work in excess of either eight hours in one day, or over forty hours in one week. CLC § 1197 provides that employees shall be paid the minimum wage, and payment less than the minimum wage is unlawful. CLC § 1194(a) provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

As described above, Plaintiff's request for unpaid wages is supported by time cards for 222 shifts, as well as the analysis of Mr. McLaughlin. *See* Pl.'s Mot. Exhs. D-F. This evidence, including Mr. McLaughlin's calculations based upon reasonable assumptions using the data available to him, is sufficient to establish a reasonable inference that Plaintiff is owed the amount she seeks. *See Ulin v. ALAEA-72, Inc.*, No. C-09-3160-EDL, 2011 WL 723617, at *13 (N.D. Cal. Feb. 23, 2011) (where "very few records were kept," overtime compensation "must necessarily be approximated."); *accord Rosas v. Hua Ping Chang,* No. 5:13-CV-01800-HRL, 2014 WL 4925122, at *4 (N.D. Cal. Sept. 29 2014); *Telles v. Li*, No. 5:11-CV-01470-LHK, 2013 WL 5199811, at *10 (N.D. Cal. Sept. 16, 2013). Accordingly, the Court GRANTS Plaintiff's request for $3,543.36 in unpaid back wages and pre-judgment interest.

### ii. Rest and Meal Break Penalties

CLC § 226.7 mandates that if "an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Although the wording is somewhat ambiguous, California courts interpreting this provision have concluded that an employee "may recover up to two additional hours of pay on a single work day for meal period and rest period violations—one for failure to provide a meal period and another for failure to provide a rest period." *United Parcel Serv., Inc. v. Superior Court*, 196 Cal. App. 4th 57, 70 (2011); *see Valdez v. Neil Jones Food Co.*, No. 1:13-cv-00519-AWI-SAB, 2013 WL 4500568, at *4-5 (E.D. Cal. Aug. 22, 2013).

7

Plaintiff attests that she was never provided a lunch break during her employment. Gonzalez Decl. ¶ 8. Although not specifically confirmed in her declaration, the Court takes as true Plaintiff's factual allegation that she was also denied rest periods during this time. Compl. ¶¶ 9, 43. Assuming two hours for each shift that she worked, McLaughlin applied Plaintiff's different hourly rates across her relevant time period of employment with Defendants and determined that she is owed $16,558.50 in premium payments for missed meal and rest periods. Pl.'s Mot. Exh. F. Mr. McLaughlin also determined that the interest on this penalty amounts to $3,546.93. This evidence is sufficient to establish Plaintiff's entitlement to $20,105.43 in statutory penalties and interest for missed meal and rest breaks.[5] Accordingly, the Court GRANTS Plaintiff's request for $20,105.43 penalties for missed meal and rest breaks plus pre-judgment interest.

### iii. Liquidated Damages

Employees are entitled to liquidated damages under the FLSA unless the employer can establish "subjective and objective good faith in its violation of the FLSA." *Local 246 Util. Workers Union of America v. S. Cal. Edison Co.*, 83 F. 3d 292, 297 (9th Cir. 1996); 29 U.S.C. § 260. Where the employer fails to carry that burden, liquidated damages are mandatory. *Id.* at 297; *see also Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003) *aff'd*, 546 U.S. 21 (2005).

Defendants have failed to appear in this action and have thus failed to present any evidence establishing their good faith intention to abide by the FLSA. Plaintiff's evidence, by contrast, reflects a sound basis for an award of liquidated damages. Plaintiff avers that Berenice Perez-Guizar would "[deduct] one half hour pay each shift for lunch" even though Plaintiff "was never afforded a lunch break." Gonzalez Decl. ¶ 8. Furthermore, Plaintiff would calculate her own hours each pay period and write those on her time cards, but Berenice would then "write over these hours with a felt pen . . . [subtracting] time from [her] calculation period." *Id.* ¶ 10. Lastly, Plaintiff states that Defendants would pay her for forty hours per week by check, while paying the remaining hours worked that pay period in cash at the same rate of pay, despite the fact that these hours constituted overtime. *Id.* ¶ 11; *see also* Pl.'s Mot. Exhs. D-E. These circumstances show

---

[5] Mr. McLaughlin's analysis mistakenly calculates the total to be $19,995.43.

8

1  that Defendants were not attempting to comply with the FLSA.  Instead, they strongly indicate that
2  Defendants were actively violating the mandates of the FLSA by failing to pay Plaintiff for the
3  correct number of hours worked and failing to pay her overtime.  Accordingly, the Court
4  GRANTS Plaintiff's request for $2,912.74 in liquidated damages.

### C.   Attorney's Fees and Costs

The FLSA provides for the mandatory award of attorney's fees and costs of an action.  29 U.S.C. §216(b).  Similarly, the CLC requires the court to "award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."  Cal. Labor Code § 218.5 (2014).  The party seeking attorney's fees must show that the rates sought are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dept.*, 470 F.3d 889, 891 (9th Cir. 2006).  Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rates." *Rodriguez v. Wallia*, No. C-11-03854-EDL, 2012 WL 1831579, at *4 (N.D. Cal. April 18, 2012) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

In the present case, Plaintiff's attorney has submitted a declaration to support his hourly rate of $375.00, his associate attorney's hourly rate of $200.00, and his paralegal's hourly rate of $50.00.  Baker Decl. ¶ 17.  The Court finds these hourly rates to be reasonable for an attorney, associate attorney, and paralegal, respectively, of similar experience in the Northern District of California.  The total amount of attorney's fees requested is $6,365.05.  Plaintiff's counsel further states that he incurred costs in the amount of $582.50, comprised of a filing fee and service fees. *Id.* at ¶ 18.  The Court finds the 15.55 hours devoted to this matter by attorney Robert David Baker, the 1.25 hours by Mr. Baker's associate attorney, and the 5.72 hours by his paralegal to be reasonable in prosecuting this matter.  Accordingly, the Court GRANTS Plaintiff's request for $6,365.05 in reasonable attorney's fees and $582.50 in costs, totaling $6,947.55.

### IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is GRANTED.  Plaintiff shall recover $26,561.53 in damages and penalties, $6,365.05

1   in attorney's fees, and $582.50 in costs.

2   **IT IS SO ORDERED.**

3   Dated: July 22, 2015

4   _____
    BETH LABSON FREEMAN
5   United States District Judge